## SINGER MANUFACTURING COMPANY vs. SAMMONS.

*April 21 — May 11, 1880.*

SALE OF GOODS.   *(1)* Bona fide *purchase from fraudulent vendee.*
SPECIAL VERDICT.   *(2) Discretion of court in replevin.*

1. Where the owner of personal property makes an unconditional delivery thereof to his vendee with intent to transfer the title, a subsequent *bona fide* purchaser from such vendee acquires a valid title, though the owner was induced to sell by fraud.

2. The court has a discretion as to submitting questions for a special verdict *in replevin* (R. S., sec. 2858); and in the circumstances of this case (a majority of the questions propounded by the appellant being answered by a verdict in the form usual in such cases, and the others being immaterial in view of the verdict rendered), there was no error in refusing to submit such questions.

APPEAL from the County Court of *Milwaukee* County.

Replevin, for a sewing machine. The action was commenced in justice's court September 5th, and tried there September 23, 1878; and from a judgment there in defendant's favor, plaintiff appealed to the county court, where the cause was tried by a jury. It appeared that the defendant purchased the machine from one Skinner, who himself had purchased it for $10 of one Beals; and the principal question was, whether, at the time of the sale by Beals, the machine belonged to him or to the plaintiff. The evidence bearing upon that question is sufficiently stated in the opinion.

At the close of the testimony, plaintiff asked the court to submit to the jury the following among other questions, for a special verdict: 1. Did plaintiff let Beals have the sewing machine in pursuance of a lease thereof which Beals agreed to thereafter execute? 2. Did Beals obtain the possession of said sewing machine by false representations and fraud, with intent to procure the same thereby, and deprive the plaintiff of it? 3. If you answer "Yes" to the last question, did Beals, at the time he obtained possession of said machine, have a

fraudulent intent to appropriate it to his own use and to deprive plaintiff of it? 4. Did Beals, on the same day he obtained possession of the said machine, fraudulently appropriate it to his own use? The court refused to submit these questions, remarking: "I cannot see how you could ask for a special verdict. I think there should be a verdict finding either for the plaintiff or defendant. Whichever way they find, it has to be a special verdict under the statute in replevin."[1] The court then gave the jury instructions which were not excepted to. The verdict was, that defendant was the owner of the machine and entitled to possession thereof at the commencement of the action and at the time of the verdict; that the machine was wrongfully detained by the plaintiff, and had been so detained from September 5th to September 23, 1878, to defendant's damage $4.50; and that its value was $20. A new trial was refused, and plaintiff appealed from a judgment on the verdict.

For the appellant there was a brief by *Cottrill, Cary & Hanson*, and oral argument by *Mr. Cottrill* and *Mr. Hanson*. They argued, 1. That the court erred in refusing to submit the questions proposed for a special verdict. R. S., sec. 2858; *Davis v. Farmington*, 42 Wis., 431. Had the first question proposed been submitted to the jury, the answer would have determined whether both the title and possession of the machine passed to Beals, or the possession only. If Beals obtained merely the possession, by fraud practiced upon the plaintiff, with fraudulent intent to deprive it thereof, and to appropriate the machine to his own use, and, immediately

[1] Section 2859, R. S., provides as follows: "In an action of replevin, if the property have not been delivered to the plaintiff, or the defendant by his answer claim a return thereof, the jury shall assess the value of the property if their verdict be in favor of the plaintiff, or if they find in favor of the defendant that he is entitled to a return thereof; and may at the same time assess the damages, if they are claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention or taking or withholding [of] such property."

upon getting possession of it, did in fact fraudulently appropriate it to his own use, these acts constituted a larceny of the machine, and plaintiff could retake it, in whosesoëver possession it might be.    Benj. on Sales, § 433; Roscoe's Cr. Ev., 7th ed., *627; *Smith v. People,* 53 N. Y., 111.    The title never passes from the vendor when the vendee obtains the property intending not to pay for it.    Voorhies' Code, 10th ed., § 179, p. 288, and notes, with cases there cited.    2. That the court erred in refusing to grant a new trial on the ground that the verdict was contrary to the evidence.    The evidence clearly shows that plaintiff never parted with the title to the machine; that it only delivered possession of it to Beals in pursuance of a lease which he agreed to execute the following day; and that he obtained such possession, and appropriated the machine to his own use, in the manner and with the intent already described.

*W. C. Williams,* for the respondent:

1. The verdict in replevin must be the statutory one, is in its nature a special verdict, and should pass on all the issues. R. S., §§ 3733, 3739, 3742, 2859; *Heeron v. Beckwith,* 1 Wis., 17, and cases in V. & B.'s note; *Ford v. Ford,* 3 Wis., 399; *Ronge v. Dawson,* 9 id., 246; *Williams v. Porter,* 41 id., 422; *Burke v. Birchard,* 47 id., 35.    2. Under sec. 2858, R. S., the right of a party to a special verdict is in the discretion and under the direction of the court, at least where the question proposed is not a necessary part of the special verdict so that for want of an answer to it no judgment could be rendered upon the verdict.    *Ward v. Busack,* 46 Wis., 407, 411. Here the verdict passed upon all the issues, and the questions proposed were immaterial.    3. A *bona fide* purchaser of goods from one who purchased and obtained them by practicing a gross fraud upon the vendor, will hold them against the original owner.    *Shufeldt v. Pease,* 16 Wis., 659; Benj. on Sales, § 433.    4. It is clear from the evidence that Beals did not know of any term or conditions upon which the machine was

to be sold to him, except the payment of $10 on the day fol-
lowing its delivery, and of $5 monthly thereafter, until the
agreed price of $40 should be paid.   5. If the contract be-
tween plaintiff and Beals was not an absolute sale, it was void
under the statute as against defendant, because no agreement
by the terms of which the title was to remain in the company,
was reduced to writing and filed in the office of the city clerk.
Sec. 1, ch. 113, Laws of 1873; *Williams v. Porter, supra;*
*Kimball v. Post,* 44 Wis., 471.

COLE, J.   There is no question but that the defendant was
an innocent ·purchaser of the machine in controversy.   The
evidence is perfectly clear and conclusive that her friends pur-
chased it for her from Skinner, paying a valuable considera-
tion, and supposing she was getting a perfect title.   This, then,
may be considered an established fact in the case.   But the
real question in dispute was, whether Skinner himself had any
title to the machine which he sold the defendant.   The answer
to this question depends upon the further one, whether his
vendor, Beals, had any title to convey to him.   And that
was the precise issue which the court, in its charge, submitted
to the jury, upon all the evidence in regard to the transaction
which took place between Beals and Mrs. Mansfield, who acted
as agent for the company in the matter.

The court stated to the jury that he submitted the question
whether the delivery of the machine at the time it was deliv-
ered amounted to a sale of the property, the vendor intending
not only to deliver the possession but to pass the title.   The
court further instructed upon the point, that if the vendor did
not mean to sell, and his intention was simply to deliver the
possession, then no title passed, and the person to whom the
machine was delivered could convey no title to another person,
whatever sum might have been paid as a consideration upon
the purchase.   The able counsel for the plaintiff really finds
no fault with the law as laid down by the court, but strongly

insists that it was not applicable to the facts established by the great weight of testimony. But that there was evidence from which the jury might well have .found that there was a transfer of the possession and ownership of the machine by the negotations between Mrs. Mansfield and Beals, it seems to us idle to deny.

True, it is said the company never intended to part with the title to the machine; that it only delivered possession to Beals until the next day, when it was agreed a lease should be executed, and $10 paid on the purchase price. But Mrs. Mansfield states, in her testimony, what took place at the time the machine was delivered to Beals, and it amounts in substance to this: Beals called at the office, saying he wanted to buy a machine. She showed him different ones, and gave him the prices; and he selected the one in question, at the price of $40. He wanted it sent to his house at once. She asked him how he could make payments. He replied that he could pay $10 down, and $5 monthly. She was to call the next day at his house, make out a lease, and get the $10. She admits, however, that she said nothing to Beals about executing the lease, but that she expected this would be done in accordance with the way of the company where machines were sold on time. This is the substance of what was said and done when the machine was taken away by Beals; and, it seems to us, it was sufficient to warrant the finding by the jury that the ownership and possession of the machine passed to Beals, who doubtless obtained possession of the property through fraud. But still the law is well settled that where the owner of personal property makes an unconditional delivery thereof to his vendee, with intention to transfer the title, a subsequent *bona fide* purchaser from such vendee acquires a valid title, though the owner was induced to sell by fraud. Benjamin on Sales, § 438 et seq., and authorities cited in the notes.

This was an action of replevin, commenced before a justice of the peace and taken by appeal to the county court. At the

close of the trial in the county court, the plaintiff asked that certain questions should be submitted to the jury, which the court refused to submit, holding that the verdict, under section 3742 of the Revised Statutes, was necessarily special, and embraced all the issues in such an action. We should be unwilling to affirm, as a proposition of law, that in an action of replevin there could be no special findings other than those required to be found under the statute. Generally the verdict under the statute disposes of all material issues, but possibly a case might arise where it would be eminently proper to submit some specific question in addition for the jury to pass upon. For example, had this action been brought against Beals himself, the jury might have been required to find specifically whether he had obtained possession of the machine through fraud and deceit. But, however this may be, in the case at bar we cannot think there was any error in the court refusing to submit the question as asked by the plaintiff. The court had a discretion in the matter under section 2858.

The first, fifth, sixth, seventh and eighth questions were necessarily passed upon by the verdict rendered. The jury found that the defendant was the owner of the machine, and entitled to the possession thereof, and that it was wrongfully detained by the plaintiff; and assessed its value and damages for its detention. Now, if the jury had found the second, third and fourth questions asked to be submitted, in favor of the plaintiff, still it is obvious that this could not have affected the judgment, in view of the verdict that was rendered. Those questions were in effect asking the jury to say whether Beals obtained possession of the machine by means of fraud and trickery, intending to appropriate it to his own use, without paying for it. Suppose he did: still this does not affect in any way the title of the defendant, if the machine was actually sold and delivered to Beals, as the jury must have found was the case, under the clear and distinct charge of the court; so the plaintiff could

not have been prejudiced by the refusal of the court to submit them to the jury.

Upon the whole record we think there is no error which will warrant the reversal of the judgment.

*By the Court.* — The judgment of the county court is affirmed.