## THOMPSON vs. WEDGE.

*December 8 — December 17, 1880.*

*Sale of Goods: When title passes.*

Where property bid off by defendant at an auction sale was delivered by plaintiff, the owner, to defendant, on his promise to pay for it in a few days, and without further stipulation or condition, and the delivery was not obtained by fraud: *Held*, that the title passed, and plaintiff could not replevy the property on defendant's failure to pay as agreed.

APPEAL from the County Court of *Dodge* County.

Replevin, for a cow and calf. The plaintiff sold a quantity of property at public auction. The defendant bid off the cow and calf at such sale for $37. The terms of sale were cash for all purchases not exceeding five dollars, and approved paper for those exceeding that sum. After the sale, the defendant informed the plaintiff that he had not sufficient money with him to pay for the property, and requested permission to take it away. The plaintiff gave such permission on defendant's promise to pay a few days later, when the plaintiff should go to Waupun, a few miles distant, where the defendant resided. Nothing was said by the parties concerning security, but the plaintiff delivered the property to defendant without further

stipulation or condition. The defendant failed to pay for the property when the plaintiff called on him at his residence, three days after the sale, and afterwards refused to deliver it to the plaintiff when the latter made demand therefor. The cause was tried by the court. The county judge held, on the above facts, that the title to the property passed to the defendant by such delivery, and gave judgment for a return of the property to him, or for its value in case a return could not be had. The plaintiff appealed from the judgment.

For the appellant there was a brief by *Eli Hooker*, his attorney, with *C. E. Hooker* of counsel, and oral argument by *Eli Hooker*. They contended that the sale was for cash, and the delivery qualified and conditional, and that the title did not pass. *Congar v. C. & G. U. R. R. Co.*, 17 Wis., 477; *Garbutt v. Bank*, 22 id., 384, 394; *Goldsmith v. Bryant*, 26 id., 34; *Fenelon v. Hogoboom*, 31 id., 172; *Coggill v. H. & N. H. R. R. Co.*, 3 Gray, 545; *Tyler v. Freeman*, 3 Cush., 261; *Marston v. Baldwin*, 17 Mass., 606; *Russell v. Minor*, 22 Wend., 659; *Leven v. Smith*, 1 Denio, 571; *Smith v. Lynes*, 5 N. Y., 41; *Whitwell v. Vincent*, 4 Pick., 449; *Matthews v. Cowan*, 4 Ch. Leg. News, 233; Hilliard on Sales, § 39.

The cause was submitted for the respondent on the brief of *H. W. Frost*. To the point that, after a sale and unconditional delivery, the property could not be reclaimed by the vendor on failure of payment, he cited *Chapman v. Lathrop*, 6 Cow., 110; *M'Cartey v. Vickery*, 12 Johns., 348; *Lupin v. Marie*, 6 Wend., 77; *Ward v. Shaw*, 7 id., 406; *Furniss v. Hone*, 8 id., 247, 256, 262, 266; *Smith v. Lynes*, 5 N. Y., 41, 44; *Pitts v. Owen*, 9 Wis., 152; *Goldsmith v. Bryant*, 26 id., 34, 36; and the cases referred to in those cited.

LYON, J. The plaintiff delivered the property in controversy to the defendant unconditionally, and gave him credit for the price. He waived the security required by the terms of

the auction sale, by making the delivery without requiring it. He did not expressly reserve to himself the title to the property until the purchase money should be paid, and there is nothing in the evidence tending to raise a presumption that he intended to do so. Neither is there any ground for claiming that the defendant obtained delivery of the property by fraud. Thus we have here the simple case of a sale of property on credit, and an absolute delivery thereof to the purchaser. Such sale and delivery passes the title, and it is not divested merely because the purchaser fails to pay for the property at the stipulated time. If authorities are required to propositions so plain and well established, the cases cited in the brief of counsel for defendant, and many of those cited by counsel for plaintiff, abundantly sustain the doctrine. To these may be added the late case in this court of *The Singer Manuf'g Co. v. Sammons*, 49 Wis., 316. That was a stronger case for the plaintiff than this, yet we held that the title passed. None of the cases in this court, cited to show that the title to the property here in controversy remained in the plaintiff, meet the conditions of this case, for in none of them was credit given for the price, and an unqualified delivery of the property made to the purchaser.

We think the ruling of the learned county judge, that the title to the cow and calf passed to the defendant by the delivery, was correct. We must therefore affirm the judgment.

*By the Court.* — Judgment affirmed.